Herbert, J.
' This ease presents a single question of law. Did the Court of Appeals err when it reversed the judgment of the Court of Common Pleas dismissing the cause upon the sole ground that the complainant was under the age of 21 years at the time she instituted this action in her own name?
Section 3111.03, Revised Code, provides in part:
“In case of the death or disability of an unmarried woman who would otherwise be eligible to make a complaint * * * her guardian, a probation officer of the Juvenile Court, or a representative of the Division of Social Administration acting as her guardian ad litem whether she is of age or not, may make and prosecute the complaint as if prosecuted by the mother herself * * *■>j (Emphasis added.)
The hearing in the Municipal Court was held as required in Sections 3111.04 and 3111.05, Revised Code, and the transcript of the proceedings in the Municipal Court was filed in the Court of Common Pleas, as provided in Section 3111.10. The defendant was accorded all his rights (Sections 3111.14 and 3111.15). No error was claimed by defendant in the entire proceeding until after the verdict was rendered, when the defendant made his motion for arrest of judgment and dismissal of the cause.
The question as to the exact nature of a bastardy proceeding has been before this court before. In the case of State, ex rel. Gill, v. Volz, 156 Ohio St., 60, 100 N. E. (2d), 203, the second paragraph of the syllabus states:
“2. Although the General Assembly has, in the enactment of the General Code of Ohio, classified bastardy proceedings as ‘quasi-criminal proceedings,’ and although a bastardy proceeding possesses some of the characteristics of a criminal prosecu *394 tion, the applicable statutes do not contemplate the punishment of a criminal act but only the enforcement of a moral duty of reimbursing the complainant for expense of and maintaining the child, and the civil nature of such a proceeding is such that a verdict of guilty against the putative father may be rendered upon the concurrence of three-fourths or more of the members of the jury. ’ ’
In the opinion by Hart, J., the history of the Ohio Bastardy Act is set out. The opinion concludes:
“This court, in view of the historical background of the legislation relating to this matter and in view of what appears to be the long settled practice of the inferior courts of this state, is constrained to hold that a bastardy proceeding is essentially a civil action * * *.”
Although the decision in that case was rendered by a divided court on the question of sufficiency of a jury verdict (not raised here), there appears to be little dissention from the general proposition that civil procedures control in bastardy proceedings unless otherwise specified in the special statutes applicable thereto. We hold to that view here.
Section 2307.11, Revised Code, provides:
“The action of an insane person must be brought by his guardian; and of an infant by his guardian or next friend. When the action is brought by his next friend, the court may dismiss it, if it is not for the benefit of the infant, or substitute the guardian, or any person, as the next friend. ’ ’
The language of this section has remained virtually unchanged since the original enactment of such a provision in 1831 (29 Ohio Laws, 56, Section 59) and is almost identical with that appearing in 51 Ohio Laws, 57, Section 30 (1853), so that a minor is “an infant,” with respect to this provision of law, until he attains the age of 21 years.
Under this section a court has virtually unlimited discretionary power to protect the rights of a minor in an action.
The case of Canterbury v. Pennsylvania Rd. Co., 158 Ohio St., 68, 107 N. E. (2d), 115, was an action commenced by a minor to recover damages for her injuries. At the time of trial, plaintiff was 20 years of age. A motion was made by defend *395 ant to dismiss her action for want of capacity as a minor to maintain the action in her name. Thereupon counsel for plaintiff moved for leave to amend her petition by interlineation by inserting the name of her husband as next friend and for leave to verify such petition and to refile it and for the case to proceed as though it had originally been commenced by the next friend. That motion was overruled and the action of the minor was dismissed. Upon review of that ease, this court held in the first paragraph of the syllabus, as follows:
“1. Where a minor institutes an action in his own name, no attack is made upon his capacity to sue before the filing of an answer to the merits of the claim, and in the midst of the trial the minority of the minor is discovered, it is error for the court to refuse to permit the minor to amend his petition by interlineation by inserting the name of a next friend and to allow the next friend to verify and refile the petition as amended.”
The case of Ritzler v. Eckleberry, 167 Ohio St., 439, 149 N. E. (2d), 728, is also pertinent. In that case, plaintiffs sued a minor defendant for damages sustained in an automobile collision. Although service of summons was had on defendant as a minor, he filed his own verified answer and at the time of trial was 20 years old. After both sides had rested at‘ the conclusion of the evidence, defendant’s counsel moved to discharge the jury and dismiss the action on the ground that the defendant was a minor and no guardian ad litem had been appointed. The trial court, upon motion of plaintiffs, appointed a guardian ad litem and the case was submitted to the jury, which returned a unanimous verdict for the plaintiffs in the amount sought, upon which verdict judgment was entered. This court, in reversing the judgment of the Court of Appeals, which had reversed the judgment of the Court of Common Pleas, held that “the appointment of a guardian ad litem for an infant defendant after the evidence has been taken and both parties have rested and before a verdict, finding or judgment has been entered does not constitute prejudicial error, where there is no showing that the interest of the minor was harmed or damaged by the delay in such appointment.”
Both those cases followed the principle enunciated in Sec *396 tion 2307.11, vesting in the court the power to protect the rights of a minor in an action. Neither case, however, had to do with a bastardy proceeding.
It is not apparent from Section 3111.01 alone as to whether “an unmarried woman, who has been delivered of, or is pregnant with, a bastard child” must be 21 years of age at the time of making complaint in writing under oath, or whether for the purpose of the statute her womanhood is recognized by her maternity. Strong arguments may be made either way, but we do not deem it necessary to decide that question in this case. It may also be noted that Section 3111.02 provides that the death of a mother shall not abate a prosecution instituted by her under Section 3111.01. In view, however, of the general provisions of Section 3111.03, regarding the “disability of an unmarried woman who would otherwise be eligible to make a complaint,” we are constrained to follow the traditional requirements of Section 2307.11 and hold that prosecutions of complaints under Sections 3111.01 to 3111.24, inclusive, Revised Code, relating to bastardy, are, unless specified otherwise therein, governed by the procedure provided for the trial of civil cases, and an action brought thereunder by a minor must be in compliance with Section 2307.11, Revised Code.
The age situation in this case differs in one respect from those in the cases of Canterbury v. Pennsylvania Rd. Co. and Ritzler v. Eckleberry, supra. Here, the complainant had come of age before the actual trial in the Court of Common Pleas (having been 20 years old in September 1955) and her age was known to the defendant at all times during the proceeding. In each of the two cases cited, the minor party was still such at the time of trial. It is not necessary, however, to determine whether the fact that complainant attained legal age before trial cured the defect in her complaint, as Section 2309.58, Revised Code, specifically provides that, “before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the *397 amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved.”
Here, the motion in arrest of judgment was sustained after the court overruled complainant’s motion to amend her complaint by the addition or substitution of an affidavit by her mother as her next friend. Keeping in mind that her age at the time she filed her complaint was disclosed at the outset of her examination before the Municipal Court on September 1, 1955, and was known to the defendant’s counsel from that time on, and that the motion to dismiss was not made until after a jury verdict was returned finding the defendant to be the father of the child, we are of the view that the principle established in the first paragraph of the syllabus in the case of Canterbury v. Pennsylvania Rd. Co., supra, should have been followed, and the refusal of the trial court to permit the addition or substitution of complainant’s mother as next friend was error. This view is further supported by reference to other statutory provisions.
Section 2317.01, Revised Code, provides that “all persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
Section 2319.01 provides that the testimony of witnesses may be taken by affidavit, by deposition, or by oral examination.
Certainly the competence of the complainant as a witness here cannot be questioned. It might also be noted that Section 2917.25, Revised Code, does not distinguish between a minor and a person of full legal age when charged with perjury.
This court holds, therefore, that, where a minor commences an action under Section 3111.01, Revised Code, and no attack is made upon her capacity to sue until after a verdict is rendered finding the defendant guilty, the trial court has the power under Section 2309.58, Revised Code, to permit the minor to amend her complaint to show her minority by adding the affidavit of her mother, as next friend, to the complaint and to conform the complaint and proceedings to the facts proved when the amendment does not substantially change the claim, and failure to do so constitutes error.
*398 The judgment of the Court of Appeals is affirmed, and the cause is remanded to the Court of Common Pleas to enter final judgment in accordance therewith.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias and Bell, JJ., concur.